UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, | No. CV 06-00169-MO |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MDF FRAMING, INC., | |
| Defendant. | |

**MOSMAN, J.,**

On February 28, 2006, Orenco East Village, LLC, Simpson Housing Limited Partnership, Paloma, LLC, and Great West Contractors, LLC (collectively known as "Intervenors") filed a Motion to Intervene (#8) in the action brought by Assurance Company of America ("Assurance") against its insured MDF Framing, Inc. ("MDF"). Assurance's action against MDF is based upon MDF's alleged failure to notify and cooperate with Assurance concerning an underlying construction defect action. Assurance claims MDF's failure to timely notify and cooperate relieves Assurance of its duty to defend and indemnify MDF. MDF failed to appear in this action, and a default has been entered.

The Intervenors seek to intervene as defendants (Great West also filed a counterclaim) to rebut Assurance's position. Furthermore, the Intervenors claim that at least one of them is an additional named insured, or should have been an additional named insured, under the policy and is therefore owed a duty of defense and indemnity by Assurance on the underlying claim. I find

PAGE 1 - OPINION AND ORDER

that the Intervenors have a significant protectable interest relating to the transaction that is the subject of this action and the disposition of Assurance's complaint against MDF may as a practical matter impair or impede the Intervenors ability to protect their interest.  Therefore the Motion to Intervene as a matter of right is GRANTED.

**I.     Background**

On February 6, 2006, Assurance filed a complaint against their insured MDF alleging MDF failed to comply with the insurance policy provisions of a specialty contractor's policy concerning timely notification of litigation and cooperating with retained counsel in the litigation.  After serving MDF with the summons and complaint and receiving no responsive pleading, a default was entered against MDF (#12) on March 30, 2006.

As stated, this litigation stems from an underlying construction defect state court action.  Pursuant to a contract with Great West (one of the Intervenors), MDF was responsible for framing and attendant accessories, as well as the installation of the exterior windows, patio doors, and gypsum wall sheathing at a residential complex known as the East Village at Orenco Station ("East Village").  On January 24, 2005, the Homeowners Association at East Village filed a lawsuit naming certain defendants, including the Intervenors, alleging defects in construction ("Orenco Lawsuit").  Case No. C050290CV Washington County Circuit Court.  On June 27, 2005, the Intervenors answered the Orenco Lawsuit and filed a third-party complaint against various subcontractors including MDF.

The third party construction defect complaint was served on MDF on or about July 8, 2005, and MDF has not tendered the complaint to its insurer, Assurance.  Assurance was provided with a copy of the third party complaint by other parties and subsequently retained

counsel to defend its insured. Assurance, as well as counsel retained by Assurance to represent MDF in the Orenco Lawsuit, has been unsuccessful in its numerous and varied attempts to contact MDF and secure its cooperation in the lawsuit. According to Assurance, there has been no successful contact whatsoever, either by phone or by mail, between itself or retained counsel and MDF. Due to MDF's failure to cooperate, Assurance filed the present complaint to obtain a judgment relieving it of its duty to defend and indemnify under the policy.

    A.    <u>Assurance's Complaint against MDF</u>

Assurance's complaint against MDF alleges the following claims:

- Declaratory judgment that no coverage exists for MDF based upon three suppositions: 1) the claims and allegations in the underlying third party complaint do not constitute covered claims under the policy; 2) one or more exclusions in the policy exclude coverage; and 3) MDF failed to comply with certain condition precedent terms of the policy including providing timely notice of the claims to Assurance, and cooperating with Assurance in the investigation, settlement, and defense of the third-party complaint. Alternatively, Assurance's complaint seeks an order declaring Assurance has the right to defend MDF against the underlying third party complaint and ordering MDF to consent to representation by counsel assigned by Assurance or forfeit coverage;

- Breach of contract: 1) failure to provide notice of the third party lawsuit pursuant to policy terms; and 2) failure to cooperate pursuant to policy terms;

- MDF waived its rights under the policy; and

- MDF should be equitably estopped from asserting any rights against Assurance under the policy with regard to the underlying third-party lawsuit.

B. Intervenors' Motion

The Intervenors move for intervention as of right, or in the alternative, for permissive intervention. The Intervenors have sued MDF in the Orenco Lawsuit and therefore claim to have a direct interest in the outcome of Assurance's action as to whether Assurance owes MDF a duty to indemnify and defend in the Orenco Lawsuit. At the time of filing their reply papers, the Intervenors filed a proposed answer and one Intervenor, Great West, filed a proposed counterclaim against Assurance alleging that it is an additional insured under the Assurance-MDF policy and therefore Assurance must defend and indemnify Great West in the Orenco Lawsuit.

Assurance claims the Interveners have no legally protectable interest in the insurance policy between Assurance and MDF and therefore cannot intervene.

II. Discussion

A. Intervention as of Right

Intervenors seek intervention by right pursuant to Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has adopted a four-part test for intervention as of right whereby the applicant bears the burden of showing: "(1) . . . a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.* 370 F.3d 915, 919 (9th Cir. 2004). In accordance with the language of

Rule 24(a)(2), courts use practical and equitable considerations in determining whether intervention is appropriate, "broadly interpreting" the four requirements in favor of intervention. *Id.*

The issue in this case is whether the Intervenors have satisfied the first and second parts of the test, namely, do the Intervenors have a significant protectable interest relating to the property or transaction that is the subject of Assurance's action against MDF, and will the disposition of the action, as a practical matter, impair or impede the Intervenors' ability to protect their interest in the underlying construction defect action.

      1.     <u>Significant Protectable Interest</u>

In *Alisal Water*, the Ninth Circuit examined the issue of whether a judgment creditor is entitled to intervene as of right in an action that may impair the creditor's ability to collect a debt. 370 F.3d at 918. The case involved an action by the United States against a defendant for violations of the Safe Drinking Water Act. *Id*. The district court appointed a receiver over much of defendant's operations to oversee, among other matters, a possible sale of the company. *Id*. The prospective intervenor, who had previously obtained a $1.7 million judgment against defendant in an earlier unrelated action, argued that in the event the court ordered the sale of defendant's property, its interest in collecting its judgment would be substantially impaired and therefore it must be allowed to intervene to protect its interests. *Id*. In analyzing the interest that is required for intervention as of right, the court explained that an economic interest must be concrete and related to the underlying subject matter of the action to support a right of intervention. *Id.* at 919. "A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope

PAGE 5 - OPINION AND ORDER

where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself." *Id.* at 920 n.3. As the prospective intervenor's sole interest in the action was the future collectability of a debt, which was several degrees removed from the issues of the litigation, the court held that the prospective intervenor's interest was not sufficiently related to the action and denied its motion for intervention as of right. *Id.* at 920-21.

Here, the Intervenors are not creditors seeking to protect the collectability of a debt, rather they are the intended beneficiaries of the insurance policy between Assurance and MDF. The purpose of MDF's insurance policy is to cover the expense of litigation and judgment on valid claims against MDF for negligently performed work. As such, the benefit of the insurance is for parties such as the Intervenors who have constructive defect claims against MDF. The Intervenors have an interest in the subject matter of this litigation as it will determine whether Assurance has a duty to defend and indemnify MDF in this underlying construction defect case and therefore what amount of proceeds, if any, are available to cover the costs of the litigation and any damages. The court determines this type of interest to be a significant protectable interest.

Furthermore, the Intervenors have a significant protectable interest in the Assurance-MDF insurance policy as they claim to be named by MDF as additional insureds under the policy, or in the alternative, they claim that MDF was contractually obligated to name them as additional insureds. Therefore, the Intervenors have a significant protectable interest as to whether Assurance owes them a duty to defend and indemnify under the terms of the policy.

2.      Impair or Impede the Applicant's Ability to Protect its Interest

As for the second part of the four-part test, the Intervenors satisfy the requirement that the disposition of this action may, as a practical matter, impair or impede their ability to protect their interest in the underlying construction defect case.  If intervention were not allowed, any disposition of the action might involve a practical impairment or potential disadvantage to the Intervenors possible recovery of the state court claim.

3.      Timely Application

There is no dispute that the Intervenors timely filed their Motion to Intervene.  In fact their motion was filed less than a month after Assurance initiated the action and prior to Assurance's request for the entry of default against MDF.  The entry of default against MDF will not, as a practical matter, interfere with this intervention.

4.      Adequate Representation

Lastly, it is undisputed that the named defendant, MDF, is not actually represented in this case (despite attempts by Assurance to provide counsel), as evidenced by the entry of default.  Therefore, it cannot be disputed that MDF is not adequately representing its own interest in this matter, much less the Intervenors' interest.

B.      Motion for Intervention Accompanied by Proposed Pleading

Assurance correctly points out that the Intervenors failed to comply with Fed. R. Civ. P. 24(c) by not filing a proposed pleading with their Motion to Intervene.  However, the Intervenors corrected their oversight and filed a proposed answer and counterclaim in conjunction with their reply papers.  As such, I find the Intervenors have complied with Rule 24(c)'s requirements to file a proposed pleading with their Motion to Intervene.

PAGE 7 - OPINION AND ORDER

**III.     Conclusion**

As the Intervenors have a significant protectable interest relating to the transaction that is the subject of this action and the disposition of Assurance's complaint against MDF may as a practical matter impair or impede the Intervenors' ability to protect their interest, I GRANT the Intervenors' Motion to Intervene (#8) as a matter of right.

IT IS SO ORDERED.


DATED this ___6th___ day of April, 2006.


                                       /s/ Michael W. Mosman
                                       MICHAEL W. MOSMAN
                                       United States District Court