IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASSURANCE COMPANY OF AMERICA,
an Illinois corporation,

        Plaintiff,

  v.

MDF FRAMING, INC.,
an Oregon Corporation

        Defendant,

and

ORENCO EAST VILLAGE, LLC; SIMPSON
HOUSING LIMITED PARTNERSHIP;
PALOMA, LLC; and GREAT WEST
CONTRACTORS, LLC,

        Intervenors.

No. CV 06-169-MO

OPINION & ORDER

_____

ASSURANCE COMPANY OF AMERICA,
an Illinois corporation,

        Third-party Plaintiff,

v.

CAPITOL INDEMNITY COMPANY,
a Wisconsin corporation,

        Third-party Defendant

PAGE 1 OPINION & ORDER

**Mosman, J.**,

Assurance Company of America ("Assurance") seeks declaratory relief stating MDF Framing, Inc., ("Framing") has no right to recovery under three insurance policies it issued to Framing. I ordered an Entry of Default against Framing (#12) on March 30, 2006. After the Entry of Default, I allowed Orenco East Village, LLC, Simpson Housing Limited Partnership, Paloma, LLC, and Great West Contractors, LLC, ("Intervenors") to intervene as a matter of right (#17). Intervenors have filed an Amended Answer and Counterclaims (#45). Assurance moves for summary judgment against Intervenors' counterclaims, arguing Framing failed to cooperate with Assurance and, therefore, Intervenors cannot recover under the policies. Because (1) Assurance exercised reasonable diligence and good faith in attempting to secure Framing's cooperation, (2) Framing willfully failed to cooperate with Assurance, and (3) Framing's willful failure to cooperate prejudiced Assurance, I GRANT Assurance's Motion for Summary Judgment (#116).[1]

## BACKGROUND

The current lawsuit results from a state court lawsuit in which condominium owners sued Intervenors, the developer and general contractor of a condominium project. Intervenors subsequently filed third-party claims in state court against many subcontractors, including Framing.

Framing never independently contacted Assurance, its insurer, about the state court lawsuit. Assurance learned of the lawsuit in connection with a tender of a defense by Great West

---

[1] As discussed below, Assurance's Motion for Summary Judgment is actually a Motion for *Partial* Summary Judgment because it addresses only Intervenors' second and third counterclaims.

PAGE 2 OPINION & ORDER

Contractors as additional insureds under Framing's insurance policies with Assurance. After learning of the state court lawsuit, Assurance retained Ms. Wendy Paris to defend Framing. Ms. Paris sent a letter to Framing on September 22, 2005, and left messages at various locations. On September 23, 2005, Assurance sent Framing a certified letter, but the letter was never claimed. Assurance then personally served Framing's registered agent, Mr. Otto Foster, Jr., with a letter on November 13, 2005. Assurance also attempted to personally serve another letter but was unsuccessful. Framing never responded to any communications from Ms. Paris or Assurance. Assurance ultimately filed the current lawsuit on February 6, 2006, and personally served Framing with the summons and complaint.

Because Framing never responded to Ms. Paris's or Assurance's communications, Ms. Paris was unable to defend Framing in the state court lawsuit. Ms. Paris did not take any substantive position on Framing's behalf or file an answer to the state court claims. She eventually informed Assurance she was withdrawing her efforts to defend Framing because she could not represent Framing's interests without its consent and/or input. Consequently, the state court issued a default judgment against Framing.

In the current lawsuit, Framing is deemed to admit the well-pleaded factual allegations in Assurance's complaint because of the Entry of Default (#12). *See DirecTV, Inc. v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007) (citing Fed. R. Civ. P. 55(a); *Benny v. Pipes,* 799 F.2d 489, 495 (9th Cir. 1986)). Based on Assurance's complaint, the following additional, material facts are deemed true:

    (1)    Framing was served with the state court third-party complaint, and never tendered the third-party complaint to Assurance. Compl. (#1) ¶ 11.

(2)  Ms. Paris made multiple unsuccessful attempts via letter and telephone to communicate with Framing. *Id.* ¶ 14.

(3)  Framing refused to assist Assurance in defending the state court third-party complaint. *Id.* ¶ 30.

(4)  Framing intentionally chose not to respond to Assurance or Ms. Paris, leading Assurance to believe Framing refused to accept the proffered defense. *Id.* ¶¶ 34, 37.

After the Entry of Default (#12), I granted Intervenors' Motion to Intervene (#17). Intervenors have filed an Amended Answer and Counterclaims (#45), asserting three counterclaims: (1) Simpson Housing Limited Partnership and Great West Contractors are actual or intended additional insureds under Framing's insurance policies with Assurance; (2) Simpson Housing Limited Partnership and Great West Contractors are known, intended third-party beneficiaries of the policies; and (3) all Intervenors are judgment creditors.  Assurance's Memorandum in Support of its Motion for Summary Judgment addresses only "Intervenors' claims for recovery as third party beneficiaries or judgment creditors." Pl.'s Mem. Supp. Summ. J. (#117) 3.  Assurance does not address the claim that two of the Intervenors are "actual or intended additional insureds"; therefore, Assurance's motion is a Motion for *Partial* Summary Judgment.  *See* Intervenors' Am. Answer & Countercls. (#45) ¶ 13.

## DISCUSSION

**I.     Standard of Review**

Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©).  The court views the record in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986). If the movant initially shows that no genuine issue of fact exists for trial, the non-moving party cannot then rest on the pleadings but must respond with evidence setting "out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## II.     Intervenors' second and third counterclaims fail

In its Motion for Summary Judgment, Assurance argues Intervenors, as third-party beneficiaries or judgments creditors, have the same rights Framing currently has under the insurance policies. As such, "Intervenors' claims for recovery . . . fail because Framing [currently] has no right of recovery against Assurance." Pl.'s Mem. Supp. Summ. J. (#117) 3. Assurance presents two possible bases for its argument: (1) through the Entry of Default, Framing "admitted the allegations in the complaint" and cannot recover under the policies; and (2) because Framing failed to cooperate with either Assurance or Ms. Paris, it cannot recover under the policies. *Id.* at 3-4.

As an initial matter, under Oregon law, third-party beneficiaries or judgment creditors have the same rights an insured would have to recover from an insurer. *See State Farm Fire & Cas. Co. v. Reuter*, 700 P.2d 236, 241-43 (Or. 1985) (stating third-party beneficiaries and judgment creditors may recover from an insurer only to the extent an insured could recover from the insurer). Thus, Intervenors, as third-party beneficiaries or judgment creditors, may recover under Framing's policies with Assurance only if Framing could also recover under the policies.

PAGE 5 OPINION & ORDER

### A. *Effect of the Entry of Default: Framing admits well-pleaded factual allegations*

A defaulting party is deemed to admit well-pleaded factual allegations but not conclusions of law. In *DirecTV, Inc.*, the Ninth Circuit said: "Defendants failed to appear or otherwise respond to DirecTV's complaints; in defaulting, defendants are deemed to have admitted all well-pleaded factual allegations contained in the complaints." 503 F.3d at 851 (citing Fed. R. Civ. P. 55(a); *Benny*, 799 F.2d at 495). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Id.* at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The Entry of Default does not necessarily prevent Framing from recovering under its insurance policies with Assurance. Assurance argues: "As a result of the default, Framing has admitted it has no rights to recover under the polic[ies]." Pl.'s Mem. Supp. Summ. J. (#117) 4. Assurance's argument is not necessarily correct because the factual allegations deemed admitted may not preclude Framing from recovering under the policies. "The legal effect of those alleged facts, as well as the actions or omissions by Assurance and its counsel, will determine whether" Framing can recover under the policies. Intervenors' Mem. Opp'n (#131) 2-3.

### B. *Failure to cooperate: Framing cannot recover under the insurance policies*

In Oregon, an insurance policy's cooperation clause is enforceable and a breach thereof excuses the insurer's obligations. A court will enforce the cooperation clause if:

(1) the insurer diligently sought the insured's cooperation;

(2) the insured willfully failed to cooperate; and

(3) the insured's failure to cooperate prejudiced the insurer.

*See, e.g.*, *Rosalez v. Unigard Ins. Co.*, 581 P.2d 945 (Or. 1978) (discussing diligence and willful

PAGE 6 OPINION & ORDER

failure to cooperate); *Bailey v. Universal Underwriters Ins. Co.*, 474 P.2d 746 (Or. 1970) (discussing diligence and prejudice). Based on this standard, Assurance argues Framing breached the applicable cooperation clauses[2] and, therefore, its obligations to Framing are excused.

### 1.  Assurance diligently sought Framing's cooperation

An insurer must act with "reasonable diligence and good faith" to secure an insured's cooperation. *Bailey*, 474 P.2d at 756. To prove reasonable diligence and good faith, an insurer must establish "'the company used the same degree of diligence to secure the insured's cooperation that would have been exercised by a reasonable and prudent person where the cooperation of the insured would be to its advantage in protecting it against liability, rather than to relieve it therefrom.'" *Id.* at 757 (quoting *Peterson v. W. Cas. & Sur. Co.*, 425 P.2d 769, 771-72 (Utah 1967)). Whether or not an insurer exercised reasonable diligence and good faith should be determined "in light of the particular facts and circumstances of each case." *Id.* at 758.

Assurance's efforts to secure Framing's cooperation did not fall below the reasonable diligence and good faith requirement. Based on *State Farm Mutual Automobile Insurance Co. v.*

---

[2] The three policies in question required the insured to:
(1)   Immediately send [Assurance] copies of any demands, notices, summonses or legal papers received in connection with [a] claim or "suit";
(2)   Authorize [Assurance] to obtain records and other information;
(3)   Cooperate with [Assurance] in the investigation or settlement of the claim or defense against the "suit"; and
(4)   Assist [Assurance] . . . in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

The policies further provide that no person or organization shall have the right to sue Assurance unless all of the terms of the policies "have been fully complied with." *See* Decl. Andrew Moses Supp. Pl.'s Mots. Summ. J. (#125), Ex. 1, pp. 28, 89, 158.

*Farmers Insurance Exchange*, 393 P.2d 768 (Or. 1964), Intervenors argue Assurance's attempts to secure Framing's cooperation "fell woefully below the recognized standard of care for insurers." Mem. Supp. Intervenors' Mot. Summ. J. (#109) 7-8.[3] In *State Farm*, the Oregon Supreme Court said: "We [hold] that the insurer does not prove the exercise of due diligence simply by showing that one or more letters were directed to the insured requesting his attendance at . . . trial." 393 P.2d at 769. In this case, Assurance did more than "simply [send] . . . one or more letters." Assurance sent a certified letter to Framing, and when that letter was never claimed, Assurance personally served Framing with a letter. Assurance also retained an attorney, Ms. Paris, who sent letters to Framing and attempted to contact Framing via telephone. Because Assurance did more than the insurer in *State Farm*, *State Farm* does not suggest Assurance's efforts fell below the reasonable diligence and good faith requirement.

Assurance exercised reasonable diligence and good faith when it contacted Framing and Framing refused to assist Assurance. Intervenors, however, argue Assurance should have followed up with relatives and neighbors of Framing's registered agent, hired an investigator, or taken other additional steps to secure Framing's cooperation. Mem. Supp. Intervenors' Mot. Summ. J. (#109) 7-8. Intervenors' argument does not adequately account for Framing's refusal to assist or to communicate with Assurance in light of *Bailey*.[4] In *Bailey*, the insured misled and refused to assist an insurer, and the Oregon Supreme Court held the insurer exercised reasonable

---

[3] Intervenors' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (#131) incorporates their Memorandum in Support of their Motion for Summary Judgment (#109) by reference.

[4] Through the Entry of Default (#12), Framing admits it refused to assist or to communicate with Assurance. Compl. (#1) ¶¶ 30, 34, 37.

PAGE 8 OPINION & ORDER

diligence and good faith even though the insurer did not pursue other avenues of investigation after the insured withheld its assistance. *See* 474 P.2d 746. As in *Bailey*, Framing's refusal to assist or to communicate with Assurance indicates Assurance exercised reasonable diligence and good faith—i.e., in light of Framing's refusal, Assurance could have done nothing more to secure Framing's cooperation.

In sum, Assurance "'used the same degree of diligence to secure . . . [Framing's] cooperation that would have been exercised by a reasonable and prudent person where the cooperation of the insured would be to its advantage in protecting it against liability, rather than to relieve it therefrom.'" *Id.* at 757 (quoting *Peterson*, 425 P.2d at 771-72). Over the course of nearly six months Assurance and/or Ms. Paris sent letters, personally served a letter, telephoned, left messages, filed the current lawsuit, and personally served a complaint and summons in an attempt to secure Framing's cooperation. Even after these efforts, Framing refused to assist or to communicate with Assurance or Ms. Paris. In light of the particular facts and circumstances of this case, Assurance acted with diligence and good faith in attempting to secure Framing's cooperation.

### 2.    Framing willfully failed to cooperate with Assurance

An insured's failure to cooperate with an insurer must be willful. *See, e.g.*, *Rosalez*, 581 P.2d 945 (discussing willful failure to cooperate). "[T]he word 'willful' does not necessarily cast blame or implicate malice; it merely indicates that the act or omission was purposeful and not the product of inadvertence." *Young v. State*, 133 P.3d 915, 919 (Or. 2006) (citation omitted). An insured acts willfully if it knows what it is doing, intends to do it, and is a free agent. *State ex rel Nilsen v. Johnston*, 377 P.2d 331, 333 (Or. 1962).

Framing willfully failed to cooperate with Assurance because it intentionally refused to assist Assurance. Framing admits, as a factual matter, it refused to assist Assurance and intentionally chose not to communicate with Assurance. Framing's registered agent, Mr. Foster, also admits he was screening telephone calls and not opening mail in an attempt to avoid Framing's various problems. Framing's actions were not a product of inadvertence; they were purposeful. Because Framing intentionally refused to communicate with Assurance and knowingly avoided communications from Assurance, Framing willfully failed to cooperate with Assurance.

### 3. Framing's willful failure to cooperate prejudiced Assurance

An insured's willful failure to cooperate must prejudice the insurer. Prejudice includes a substantial detriment to the insurer's ability to litigate or adjust the case. *See, e.g.*, *Berry v. Truck Ins. Exch.*, 508 P.2d 436 (Or. 1973) (holding that an insured's failure to appear at trial prejudiced the insurer). An insurer is "prejudiced, as a matter of law, by the entry of [a default] . . . judgment, without considering in what other ways it may also [be] . . . prejudiced." *Bailey*, 474 P.2d at 756.

Framing's actions prejudiced Assurance because Assurance could not formulate an answer to the state court complaint or otherwise take a substantive position on behalf of Framing. Framing refused to cooperate with Assurance and/or Ms. Paris. Without Framing's cooperation, Ms. Paris could not adequately represent Framing's position—i.e., she could not represent Framing's position without knowing its position. Consequently, Ms. Paris could not file an answer to the state court complaint or represent Framing's position during settlement negotiations. Because Framing never responded to the state court complaint or settled with

PAGE 10 OPINION & ORDER

Intervenors, the state court entered a default judgment against Framing. Intervenors argue the default judgment was "of Plaintiff's own making." Intervenors' Mem. Opp'n (#131) 6. But that cannot be the case given Assurance's efforts to secure Framing's cooperation and Framing's refusal to cooperate. Framing's refusal to cooperate ultimately resulted in the default judgment in the state court lawsuit, which prejudiced Assurance.

## CONCLUSION

Because (1) Assurance exercised reasonable diligence and good faith in attempting to secure Framing's cooperation, (2) Framing willfully failed to cooperate with Assurance, and (3) Framing's willful failure to cooperate prejudiced Assurance, Framing cannot recover under its insurance policies with Assurance. Because Framing cannot recover, Intervenors, as third-party beneficiaries or judgment creditors, also cannot recover under the policies. Therefore, I GRANT Assurance's Motion for Summary Judgment (#116) against Intervenors' second and third counterclaims.

## PENDING MOTIONS FOR SUMMARY JUDGMENT

This disposition affects pending motions for summary judgment or partial summary judgment filed by both Assurance and Intervenors. Accordingly, Assurance's Motion for Partial Summary Judgment Regarding Intervenors' Second Counterclaim (#122) is DISMISSED as moot. Intervenors' Motion for Summary Judgment to Dismiss Assurance's First, Second, Third, Fourth, and Fifth Claims for Relief (Late Notice & Failure to Cooperate) (#108) is DENIED in so far as it relates to failure to cooperate and is otherwise TAKEN UNDER ADVISEMENT.

IT IS SO ORDERED.

DATED this __7th__ day of February, 2008.

                                            /s/ Michael W. Mosman
                                            MICHAEL W. MOSMAN
                                            United States District Court